IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAMON L. SMITH, ) | |
| ) | |
| Plaintiff, ) | Case No. CV03-484-C-EJL |
| ) | |
| vs. ) | **MEMORANDUM ORDER** |
| ) | |
| DIRECTOR TOM BEAUCLAIR, ) | |
| CORRECTIONAL OFFICERS ) | |
| BOWSER, ERBST, AND HUGHAN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court are the following motions: (1) Plaintiff's Motion to Disqualify Judge (Docket No. 43); (2) Plaintiff's Motions to Compel (Docket Nos. 45, 52, 55, and 62); (3) Plaintiff's Motions to Appoint Counsel (Docket Nos. 48 and 55); and (4) Plaintiff's Motion to Correct Error (Docket No. 62).

Having carefully reviewed the record, the Court has determined that Plaintiff has failed to show grounds for disqualification of the Court, and his motions to compel will be granted in part as set forth below.  Plaintiff's request for appointment of counsel will be denied without prejudice.

**ORDER  1**

I.

BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction. At the time the allegations in the Complaint arose, he was incarcerated at the Idaho Correctional Institution at Orofino (ICI-O). Plaintiff's Complaint alleges that protective custody inmates at ICI-O are locked down twenty-two hours per day and denied exercise opportunities. He alleges that protective custody inmates are denied access to the ballfield and weight room. He also claims that he was denied properly fitting shoes in which he can exercise.

Plaintiff was authorized to proceed on an Eighth Amendment claim for the alleged failure to provide adequate exercise opportunities for him. The alleged failure to provide shoes in which Plaintiff could exercise was considered to be part of the exercise claim.

I.

PENDING MOTIONS

**A. Motion to Disqualify**

Plaintiff filed a Motion to Disqualify the Court to act as the Judge on his case. Plaintiff claims that he is entitled to have a different Judge assigned to his case because he disagrees with prior rulings the Court has made. Plaintiff has not shown that the factors set forth in 28 U.S.C. § 455(a), governing the grounds for disqualification, or any case interpreting the statute, applies to the facts of the present lawsuit. Disqualification is not required when a plaintiff challenges the Court's impartiality based upon its rulings. Such alleged errors are "the basis for appeal, not recusal." *In re Focus Media, Inc.*, 378 F.3d 916,

**ORDER  2**

930 (9th Cir. 2004). There has been no showing that the "court's substantive rulings were products of deep-seated favoritism or antagonism that made fair judgment impossible." *Id*. (internal citation and punctuation omitted). Based on the foregoing, Plaintiff's Motion to Disqualify Judge is denied.

### B. Plaintiff's Motions to Compel

Federal Rule of Civil Procedure 26(b) allows "[p]arties [to] obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." The term "relevant" is further defined as information that is "reasonably calculated to lead to the discovery of admissible evidence, and it "need not be admissible at trial." Fed. R. Civ. P. 26(b)(1). Although relevance has a broad meaning, district courts are given wide discretion to apply the discovery rules in a way that will achieve the policy of the Federal Rules of Civil Procedure; namely to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

In the Court's previous Order, it provided for an exchange of relevant documents between the parties. It appears that Plaintiff provided relevant documents to the Defendants because he submitted a statement to the Court, indicating that Defendants are now in possession of all relevant documents. *See Docket No. 53*. Based on Plaintiff's subsequent motions to compel certain documents, it appears that he believes the following documents are within the custody and control of Defendants, but have not been produced to him. First, Plaintiff claims that he has not received a medical memo, documenting his need for special-order shoes. To the extent such a memo exists and is within the custody and control of the

**ORDER  3**

Defendants or the IDOC's medical provider, then the document(s) shall be provided to Plaintiff. The Court will also order Defendants to provide copies of any and all grievance or concern forms, and medical requests that are relevant to Plaintiff's request for special-order shoes. Defendants shall also provide copies of grievance and concern forms that are relevant to Plaintiff's request for indoor and outdoor exercise. Defendants shall also provide copies of property inventory lists that relate to Plaintiff's special-order shoes. The time frame relevant to these document requests is the two years prior to the time the Complaint was filed in this action and up to the present date.

Plaintiff also requested the same set of grievance and concern forms for several other inmates at ICI-O, but the Court's Order will be limited to the complaints that Plaintiff was making about shoes and exercise. The request for all inmate complaints involving improper shoes and the denial of exercise is over broad, irrelevant, and burdensome to the Defendants.

Plaintiff also requests an order, directing Defendants to provide the telephone numbers and addresses of correctional officers and former IDOC employees. Defendants shall not be required to produce these addresses and telephone numbers for legitimate security reasons. *See Inmates of Unit 14 v. Rebideau*, 102 F. R. D. 122 (N.D.N.Y. 1984) (denying request to allow inmates' attorneys to have home addresses of correctional officers and prohibiting inmates from seeing any part of the officers' personnel files); (*Motley v. Parks*, 2001 WL 682791 (C.D.Cal. 2001) (denying request to provide plaintiffs with home addresses of police officers, relying on eight other district court opinions with same holding). In the event Plaintiff's case is set for trial, he may request that the correctional officers and former IDOC

**ORDER  4**

employees be served with trial subpoenas through the U.S. Marshall Service. At this point, Defendants will provide the addresses and telephone numbers directly to the Court in order to accomplish service of the subpoenas.

Plaintiff also requests the right to interview fifteen inmates in the custody of the IDOC, and wants Defendants to produce a list of all "A-1 inmates" at ICI-O. Plaintiff will not be allowed to schedule interviews with these inmates because of the legitimate security concerns of the institution in which they are being held. In the event Plaintiff needs to obtain information from these inmates, he may send letters to them, requesting that they provide information to him in the form of an affidavit. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996) (a prisoner's inability to more fully litigate his claims are "incidental (and perfectly constitutional) consequences of conviction and incarceration"). Additionally, Plaintiff's request for a list of all inmates on Unit A-1 is over broad, irrelevant, and burdensome to the Defendants.

Finally, it appears that Plaintiff is attempting to obtain discovery in the present action for a lawsuit he filed in Idaho state court. He alleges that he has a case set for trial in Clearwater County in March of 2006, and he is gathering documents and witnesses for that proceeding. Plaintiff will not be allowed to conduct discovery for the state court action during the course of this case. Any further attempts to do so will result in sanctions being ordered against Plaintiff.

In the event that additional discovery issues arise in this case prior to the discovery cut-off, the parties are advised to follow the following directives. Defendants' counsel shall

**ORDER 5**

meet and confer with Plaintiff regarding the discovery disputes and submit an affidavit, informing the Court of the parties' attempts to resolve the discovery dispute. Defendants counsel shall consider discovery requests filed with the Court and served on Defendants as ones to which a response is required. Plaintiff has been instructed not to file his discovery requests with the Court, but it appears that the requests are routinely sent to the Court from the prison resource center. They are then filed with the Court and become part of the docket. The Court will not require Plaintiff to serve the discovery requests separately from the ones he sends to the Court.

### C. Motions for Appointment of Counsel

Plaintiff also filed two motions requesting appointment of counsel for his case. The Court has considered the requests, and they will be denied at this time. The decision to appoint counsel in a prisoner civil rights case is within the discretion of the trial court, and a request for appointment of counsel is granted only in exceptional circumstances. *Agyeman v. Corrections Corporation of America,* 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether extraordinary circumstances exist, the court evaluates two factors: (1) the likelihood

**ORDER  6**

of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Id.*

Plaintiff has demonstrated an ability to file numerous pleadings and motions without the assistance of counsel. He is able to articulate his legal positions on his own, but at this stage of the lawsuit, the Court is unable to evaluate the likelihood of success on the merits of the case. Therefore, the Court will reconsider the issue of appointment of counsel at a later date. Accordingly, Plaintiff's Motions for Appointment of Counsel are denied without prejudice.

### D. Motion to Correct Error

Plaintiff also submitted a motion requesting that the Court set a hearing on his numerous discovery motions, and that the Court correct a statement in its prior Order. The Court determined that the discovery issues could be resolved without a hearing because oral argument would not substantially assist the Court in resolving the obvious discovery issues in the case.

The Court has reviewed its previous Order, and has determined that no statements made therein will be corrected. The Court's previous Order directed Plaintiff to serve the requests on Defendants' counsel, and then file a motion to compel responses only in the event Defendants failed to answer. Plaintiff appears to have followed this procedure, albeit in a confusing manner. Therefore, the Court's previous directions will not be corrected.

**ORDER**

**ORDER  7**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Disqualify Judge (Docket No. 43) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motions to Compel and for Hearing (Docket Nos. 45, 52, 55, 62, all parts therein) are GRANTED in part and DENIED in part as set forth above.  The parties shall abide by the directives relating to future discovery disputes.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motions to Appoint Counsel (Docket Nos. 48, 55, all parts therein) are DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Correct Error (Docket No. 62) is DENIED.



DATED:  **February 8, 2006**

H̶o̶n̶o̶r̶a̶ble Edward J. Lodge
U. S. District Judge

**ORDER  8**